# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MON CHERI BRIDALS, LLC and MAGGIE SOTTERO DESIGNS, LLC, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>CLOUDFLARE, INC., a Delaware corporation; and DOES 1-10, Inclusive, <br><br>　　　　Defendants. | Misc. Case No. <br><br> Underlying Case: <br> Case No. 3:19-cv-01356-VC <br> United States District Court for the <br> Northern District of California |

## DECLARATION OF ARMEN PETROSSIAN IN SUPPORT OF MOTION TO QUASH DEFENDANT CLOUDFLARE, INC.'S SUBPOENA FOR DOCUMENTS AND FOR PROTECTIVE ORDER

I, Armen Petrossian, declare pursuant to 28 U.S.C. § 1746 as follows:

1.　I am the chief commercial officer at non-party XMLShop, LLC d/b/a Counterfeit Technology ("XMLShop").

2.　I submit this Declaration based upon my personal knowledge in support of Motion to Quash Subpoena to Produce Documents directed to non-party Armen Petrossian served by the Defendant Cloudflare, Inc. ("Defendant") and for Protective Order (the "Motion").

3.　By way of background, XMLShop has developed a web scrapping tool that can identify copies of images on the Internet.

4.　XMLShop was engaged by Plaintiffs Mon Cheri Bridals, LLC ("Mon Cheri") and Maggie Sottero Designs, LLC ("Maggie Sottero") (collectively, the "Plaintiffs") to find any unauthorized use and reproduction of Plaintiffs' copyrighted and proprietary images on the Internet.

5.　Plaintiffs gave XMLShop authority and power of attorney to act as their agents in identifying, locating, and investigating infringements of their images by websites that steal

Plaintiffs' images and use them to sell counterfeit, knockoff goods.

6. Plaintiffs also gave XMLShop authority and power of attorney to act as their agents in sending DMCA type and other copyright infringement notices to websites found to infringe on Plaintiffs' copyrighted images, the websites' hosting providers, and any internet service providers that provide services to the infringing websites, such as Cloudflare.

7. As such, XMLShop used its proprietary software and system processes to scour the internet for infringing use of Plaintiffs' images, and when found, to generate DMCA and copyright infringement notices to Cloudflare and others identifying the location of the infringing content as well as identifying the original copyrighted image, among other things.

8. As part of this litigation, XMLShop has worked with Plaintiffs and their attorneys in gathering information and documentation in response to discovery requests propounded on Plaintiffs. *See* Plaintiffs' Responses to Cloudflare's Request for Production of Documents Set Nos. 1-3, attached to the Declaration of Bianca A. Roberto in support of the Motion to Quash Subpoena to Produce Documents directed to non-party Armen Petrossian and for Protective Order ("Roberto Decl."), at Exhibits "15," "16," and "17."

9. On or about March 29, 2021, Defendant served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action upon Armen Petrossian (the "Document Subpoena") in connection with the matter of *Mon Cherie Bridals, LLC, et. al. v. Cloudflare, Inc., et. al.*, in the United States District Court for the Northern District of California, Docket Number 19-cv-01356-VC (the "Underlying Action"). *See* Roberto Decl., at Exhibit "1."

10. On or about March 29, 2021, Defendant served a Subpoena to Testify at a Deposition in a Civil Action upon Petrossian (the "Deposition Subpoena") in the Underlying

Action. *See* Roberto Decl., at Exhibit "2."

11. A year prior, on or about March 2, 2020, Defendant served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action upon XMLShop (the "1st XMLShop Document Subpoena") in connection with the Underlying Action. *See* Roberto Decl., at Exhibit "3."

12. Many of the requests were identical to documents requested of Plaintiffs, and to which XMLShop already provided responsive documents to be produced on behalf of Plaintiffs. *Compare e.g.,* Roberto Decl., at Exhibit 3, at Document Requests Nos. 2-20, and 33-37, Roberto Decl., at Exhibit "4," at Document Requests Nos. 3-7, 11-13, 16-17, and 22-29, and Exhibit "5," at Document Requests Nos. 14-22, 25-29, and 45-47, and Roberto Decl., at Exhibit 5, at Request for Production Nos. 57-76.

13. The remaining requests were incredibly broad and asked for sensitive trade secret information about XMLShop's intellectual property and processes, which are not at issue in the Underlying Action, and numerous additional documents whether related to the actual case or not.

14. For many of the items XMLShop simply did not have responsive documents.

15. On or about March 18, 2020, XMLShop, through counsel, served XMLShop's Objections and Responses to Defendant Cloudflare's Subpoena to Produce Documents ("XMLShop's Response to 1st Document Subpoena") in the Underlying Action. *See* Roberto Decl., at Exhibit "4."

16. On or about November 2, 2020, Defendant served a second, nearly identical Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action upon XMLShop (the "2nd XMLShop Document Subpoena") in the Underlying Action. *See* Roberto Decl., at Exhibit "5."

17. The requests made in the Document Subpoena and the 2nd XMLShop Document Subpoena are nearly identical, and only one (1) category that is included in the 2nd XMLShop Document Subpoena is not included in the Document Subpoena – Document Category No. 6. *See* Roberto Decl., at Exhibits "1" and "5."

18. On or about November 23, 2020, XMLShop, through counsel, served XMLShop's Objections and Responses to Defendant Cloudflare's Subpoena to Produce Documents ("XMLShop's Response to 2nd Document Subpoena") in the Underlying Action. *See* Roberto Decl., at Exhibit "6."

19. On or about November 12, 2020, Defendant served a Subpoena to Testify at a Deposition in a Civil Action upon XMLShop in the Underlying Action.

20. On or about March 11, 2021, Defendant served a Subpoena to Testify at a Deposition in a Civil Action upon Suren Ter-Saakov ("Ter-Saakov"), through counsel, to appear as a representative of XMLShop in connection with the Underlying Action.

21. On or about January 4, 2021, XMLShop, through counsel, served a supplemental response to the 2nd Document Subpoena. *See* Roberto Decl., at Exhibit "7."

22. On or about March 11, 2021, Defendant served a Subpoena to Testify at a Deposition in a Civil Action (the "Ter-Saakov Deposition Subpoena") upon Suren Ter-Saakov, the owner of XMLShop, to appear as a representative of XMLShop in connection with the Underlying Action. *See* Roberto Decl., at Exhibit "8."

23. Ter-Saakov was deposed in the Underlying Action on March 16, 2021, March 17, 2021, and March 18, 2021 regarding, among other things, its relationship to, and work performed for, Plaintiffs Mon Cheri Bridals, LLC and Maggie Sottero Designs, LLC (collectively, the "Plaintiffs") pursuant to the Deposition Subpoena. *See* Roberto Decl., at Exhibits "9," "10," and

"11."

24. Ter-Saakov is scheduled to be deposed again via the XMLShop Deposition Subpoena in the Underlying Action on April 21, 2021.

25. Additionally, I am scheduled to be deposed via the Deposition Subpoena in the Underlying Action on April 22, 2021.

26. I have reviewed the Document Subpoena.

27. The undersigned reviewed the 1st Document Subpoena and the 2nd Document Subpoena (collectively, the "XMLShop Document Subpoenas"), and Defendant's First Set of Requests for Production of Documents to Plaintiff Mon Cheri Bridals, LLC, Defendant's First Set of Requests for Production of Documents to Plaintiff Maggie Sottero Designs, LLC, both dated February 7, 2020 (collectively, the "1st Requests to Plaintiffs"), Defendant's Second Set of Requests for Production of Documents to Plaintiff Mon Cheri Bridals, LLC, and Defendant's Second Set of Requests for Production of Documents to Plaintiff Maggie Sottero Designs, LLC, both dated May 8, 2020 (collectively, the "2nd Requests to Plaintiffs"), and Defendant's Third Set of Requests for Production of Documents to Plaintiff Mon Cheri Bridals, LLC, and Defendant's Second Set of Requests for Production of Documents to Plaintiff Maggie Sottero Designs, LLC (collectively, the "3rd Requests to Plaintiffs"). *See* Roberto Decl., at Exhibits "12," "13," and "14."

28. I participated in searching XMLShop's files and databases, and retrieved documents related to the Underlying Action on behalf of the Plaintiffs in conjunction with the Plaintiffs' responses to the 1st Requests to Plaintiffs, the 2nd Requests to Plaintiffs, and the 3rd Requests to Plaintiffs (collectively, the "Requests to Plaintiffs"), and located numerous documents including, but not limited to, emails, reports, infringement notices, and images.

29. I participated in searching XMLShop's files and databases in conjunction with the

XMLShop Document Subpoenas, and retrieved one (1) additional document, an email chain, responsive to the 2nd XMLShop Document Subpoena that was inadvertently omitted from earlier productions.

30.   XMLShop gave the aforementioned documents to counsel, and they were produced by Plaintiffs in response to the Requests to Plaintiffs.

31.   The undersigned, in his individual capacity, does not possess any documents responsive to the Document Subpoena.

32.   Any documents accessible to the undersigned would be accessible to him as chief communications officer at XMLShop.

33.   As stated above, the undersigned reviewed XMLShop's files and retrieved documents responsive to the discovery requests made in the Underlying Action, and XMLShop sent those documents to counsel.

34.   Even if the undersigned personally possessed documents and was required to produce those documents, they would be duplicative of the documents that XMLShop already sent to counsel, and produced by the Plaintiffs to Defendant in the Underlying Action.

35.   Accordingly, assuming the undersigned had the documents requested, it would be duplicative to produce the same and would require a non-party individual to reproduce production provided by XMLShop and Plaintiffs thereby resulting in the unnecessary expenditure of time and costs.

36.   The undersigned has not located any additional documents that are responsive to the broad and redundant Document Subpoena.

37.   The undersigned has not located any additional documents that are responsive to the Requests to Plaintiffs.

38. All forty-nine (49) of the Document Categories in the Document Subpoena are nearly identical to forty-nine (49) out of the fifty (50) Document Categories in the 2nd XMLShop Document Subpoena with only minor changes to phraseology. *See* Roberto Decl., at Exhibits "1" and "5."

39. Accordingly, Defendant's Document Subpoena is overly broad and disproportionate to the needs of the case as the documents requested were already demanded, were previously produced by XMLShop, and were served upon Defendant by Plaintiffs or XMLShop, respectively, in response to prior requests.

40. Further, the undersigned does not possess any responsive documents in his individual capacity.

41. The undersigned has complied with the Document Subpoena as XMLShop does not possess additional documents that have not already been produced in the Underlying Action.

I declare under penalty of perjury that the foregoing is true and correct.

*Armen Petrossian*
ARMEN PETROSSIAN

Dated: April 12, 2021

4844-7550-9221, v. 1